Per curiam

Land not demanded cannot be recovered by any judgment, of the court ; and in the present, case no land is demanded, but that which the Plaintiff has no claim pi. This point has been often decided in our courts. It was so decided in this very court a few years ago, in the. case of Hunter and Jones. Lef the Plaintiff be called. The court recommended to Mr. Duffy to take a rule to shew cause why the declaration should not be amended, saying, perhaps au'h»rities may be found to justify an .amendment, or perhaps the act of 1790 may authorise it. A rule was taken. Afterwards the case was argued by Mr. Duffy for the amendment, and Davie against it. Mr. *537 Duffy produced a great number of eases, rely chiefly on the case in 4 Burr. 2448. but seemed to
Per curiam — These eases shew, that the be enlarged, hut none go so far demise may as to shew, that, the description of ¡he thing demanded may be. altered. If it could, a Defendant might be at a great expence in preparing to defend jiis title to one tract of land, and after-terwards be forced to go through the same process as to another, and for a third, and so on ad infinitum. For if it is proper to alter the petitnm in the first instance, why should it not be done afterwards as often as the Plaintiff pleases. If after the institution of the action, the Defendant sells that part, not included in the declaration, and then ¡un amendment is permitted, which will include it, the purchaser having acquired the land pendente lite, will be bound by the decision though no party to it. Tin' amendment would be of little sen ice to the Plaintiff, as it would be required of him to pay all the costs up to this time. However, it suffices to say, there is no precedent in th>* books for such an amendment — the petitum cannot be amended. The court thought a day or two ago, that possibly it might he amended under the act of lf90. c- 3, sT 9. but upon consideration, we think that act does not extend to this case, it has-been decided, that, under that act all such mailers of form may be amended, except such as are specially demurred to ; and that where a ' special demurrer was not proper as to the matter, no amendment could be. made. In ejectment there can be no special demurrer on account of the form, for the Defendant is admitted upon terms which preclude it; yet such irregularities as in other actions might be proper subjects for a special de.murrer, shall ill this be amended; otherwise, (lie ejectment, which is a liberal action, would be in a worse situation than any other. Special demurrers do not lie for not demanding the thing intended to be demanded in any action ; that omission makes a substantial defect in the declaration, not a me.re formal one. It cannot be amended in a point so material, any more than a demand of a horse in detinue or replevin, could he altered to that of an ox. So the amendment was refused.
Note. — Vide Adams on Ejectment, 205, and quere, ’Whether such an amendment would not now oe permuted und,r fie act of 1/90. See the cases referred to in the note to Cowper v. Edwards, ante 19.